

Tuesday, March 15, 2011

No. 11–0243/AR.  U.S. v. John A. McCary.  CCA 20090601.  On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, we conclude that Appellant was denied his Sixth Amendment right to effective assistance of counsel in post-trial representation, where his trial defense counsel asserted in his clemency submission that Appellant had a prior federal conviction for violating a general order and adultery, when no such conviction was part of the record.  Accordingly, it is ordered that said petition is hereby granted on the following issue:

> WHETHER APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL DEFENSE COUNSEL INCLUDED INCORRECT AND DAMAGING INFORMATION ABOUT OTHER CONVICTIONS IN HIS RCM 1105/1106 SUBMISSION, THEREBY FRUSTRATING APPELLANT'S CHANCES OF RECEIVING CLEMENCY.

The decision of the United States Army Court of Criminal Appeals is reversed, and the convening authority's action is set aside.  The record of trial is returned to The Judge Advocate General for a new action by the same or a different convening authority.*

---

\*  Appellant was charged with desertion from 19 April 2008 until 19 October 2008.  The military judge accepted Appellant's guilty plea to the lesser included offense of absence without leave from 19 April 2008 until 19 August 2008.  After the government undertook to prove the charged offense, the military judge granted a motion for a finding of not guilty as to the termination date and amended the specification to read 19 August 2008 vice 19 October 2008.  Appellant was subsequently convicted of desertion from 19 April 2008 until 19 August 2008.  However, the court-martial promulgating order's statement of the finding does not clearly describe the amendment of the specification.  The convening authority shall take appropriate corrective action with respect to the findings.